Herbert **PARKER** and Barbara Parker, Plaintiffs,

v.

Officer Stephen **CARROLL,** et al., Defendants.

No. CIV. A. 97–418.

United States District Court, E.D. Pennsylvania.

July 16, 1998.

---

John P. McKelligott, Lansdowne, PA, for Plaintiffs.

William F. Holsten, II, Media, PA, for Defendants.

*MEMORANDUM—ORDER*

LOWELL A. REED, Jr., District Judge.

 **AND NOW,** this 16th day of July, 1998, upon consideration of the motion of defendants Officer Stephen Carroll, Officer Corey Kramer, Officer Joseph Gabe, Officer Arthur Raffaele, Officer Richard Gibney ("the officer defendants"), and Darby Borough for summary judgment (Document No. 12), the response of plaintiffs Herbert Parker and Barbara Parker ("the Parkers") (Exhibit A to Document No. 13),[1] as well as the pleadings, legal memoranda, depositions, and exhibits related thereto, having found and concluded that:

1. First, the officer defendants contend that there are no genuine issues of material fact and they are entitled to judgment as a matter of law on Herbert Parker's claim under 42 U.S.C. § 1983 in Count I of the amended complaint that the officers used excessive force during his arrest on January 18, 1995. However, Herbert Parker satisfied his burden under Federal Rule of Civil Procedure 56(e) to establish that a genuine issue of material fact remains regarding what events took place on January 18, 1995 in connection with his arrest by the officer defendants and whether those events were reasonable under the circumstances or constituted excessive force. There is plainly a factual dispute as to what happened and why when the officer defendants were present at the plaintiffs' home on January 18, 1995. *See* Herbert Parker Deposition of October 23, 1997 at 37–48; July 18,1995 Report of Dr. Ebba at 3; February 20, 1995 Report of Dr. Mandel at 2;

2. Second, the officer defendants argue that they are entitled to summary

---

1. The plaintiffs filed a motion for leave to file a response to the motion for summary judgment (Document No. 13) on July 13, 1998, after the time allowed for a response had expired. On July 16, 1998, the Court received a response from the defendants objecting to this motion of plaintiffs and requesting leave to file a reply brief under Local Rule 7.1(c). I find that under the standard imposed by Federal Rule of Civil Procedure 56(c), the disposition of the motion for summary judgment would have been substantive-

ly the same even if the Court had not considered the response of the plaintiffs. Thus, the defendants are not prejudiced by the Court's consideration of the plaintiffs' untimely response, and the plaintiffs' motion for leave to file a response to the motion for summary judgment is GRANTED. Because I find that additional briefing from the defendants would not effect the resolution of the motion for summary judgment, the request for leave to file a reply brief is DENIED.

judgment on the Parkers' claims because they have qualified immunity. Even though the officer defendants may enjoy qualified immunity against personal liability for their actions, this does not in itself entitle them to summary judgment on the Parkers' claims. The officer defendants have not established that their conduct was reasonable as a matter of law in light of clearly established law at the time of the incident because genuine issues of material fact remain regarding the officer defendants' conduct during the arrest. *See Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987);

3. Third, Darby Borough argues that it is entitled to summary judgment on the Parkers' claims under § 1983 if summary judgment is granted on the claims against the officer defendants, and alternatively, that it is entitled to summary judgment because the Parkers have produced no evidence of an official policy or custom of Darby Borough that caused their injuries. A local government may be found liable under § 1983 for alleged violations of constitutional rights only for acts implementing an official policy, practice or custom of the municipality. *See Monell v. Department of Social Services,* 436 U.S. 658, 690–691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "A plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injuries suffered." *See Losch v. Borough of Parkesburg,* 736 F.2d 903, 910 (3d Cir.1984). I conclude from the record that the Parkers have failed to produce any evidence of a policy or custom that was the cause of the alleged harm to them. Under Rule 56(e) of the Federal Rules of Civil Procedure, the Parkers have failed to satisfy their burden to prevent summary judgment on their claims against Darby Borough. Darby Borough is entitled to judgment as a

matter of law on the Parkers' claims against it in Count II and Count IV of the amended complaint;

4. Fourth, the officer defendants contend that they are entitled to summary judgment on the claim of Barbara Parker under § 1983 because she produced no evidence that the officer defendants used excessive force upon her and no evidence of any injury to her to support her claims. Barbara Parker responds that she can recover for emotional damages without proof of physical damages. A plaintiff cannot recover damages for emotional distress without proof of actual injury under § 1983.[2] *See Bolden v. Southeastern Pennsylvania Transportation Authority,* 21 F.3d 29, 34 (3d Cir.1994). However, the officer defendants are not entitled to summary judgment on Barbara Parker's claim against them on this ground because a plaintiff may recover nominal damages for a violation of a constitutional right even if no actual injury is proven. *See id.* Barbara Parker is not entitled to recover on this theory, however, because she submitted no evidence to the Court in response to the motion for summary judgment of the constitutional deprivation she allegedly suffered. Her claim in this regard was characterized in the amended complaint as "unreasonable restraint." Even though the Court understands the Parkers' difficulty in obtaining the transcript of Barbara Parker's deposition, the plaintiffs did not indicate that her deposition testimony contained evidence of any violation of her constitutional rights, nor did Barbara Parker submit any other evidence to support her claim. A plaintiff cannot rely on the mere allegations of the complaint to withstand a motion for summary judgment under Federal Rule of Civil Procedure 56(e), and thus the officer defendants are entitled to judgment as a matter of law on the

---

2. Indeed, Barbara Parker submitted no evidence of any physical or emotional damages in response to the defendants motion for summary judgment.

claim by Barbara Parker under § 1983 in Count III of the amended complaint;

it is hereby ORDERED that the motion is GRANTED IN PART and DENIED IN PART. JUDGMENT IS ENTERED in favor of Darby Borough on the claims under 42 U.S.C. § 1983 in Count II and IV and in favor of the officer defendants on the claims by Barbara Parker in Count III. Barbara Parker is DISMISSED as a party from this lawsuit as she has no viable claims remaining. This case shall proceed to trial only on the claims of Herbert Parker: (1) against the officer defendants for excessive force under § 1983 in Count I, (2) against the officer defendants in their individual capacities for punitive damages in Count VIII, and (3) against all defendants for battery in Count V.

IT IS FURTHER ORDERED that the parties shall submit a joint report to the Court no later than August 10, 1998 as to the status of settlement. If the parties need the assistance of the Court in facilitating settlement negotiations, the report should so indicate. Otherwise, the parties should be prepared to proceed to trial, which is scheduled as a back-up case on August 17, 1998.